# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

RYAN A. SICA,                                                     Case No.

                 Plaintiff,

v.                                                         Honorable

HOME DEPOT U.S.A., INC.,

                 Defendant.

_____/

JEFFREY S. BURG (P38381)
Attorney for Plaintiff
30700 Telegraph Road, Ste. 1675
Bingham Farms, MI 48025
(248) 227-5027
248-856-1258 (fax)
_____

**COMPLAINT AND JURY DEMAND**

Plaintiff states:

### Jurisdiction and Parties

1. This is an action to enforce civil rights arising out of Plaintiff's employment relationship with Defendant, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq and 42 USC 2000e(5)(E)(3) (Title VII), and the Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq.

2. This court has jurisdiction over Plaintiff's federal claims pursuant to 42 USC 2000e-5, 29 USC 206(d) and 28 USC 1331, 1343(4).

3. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the statutes of the State of Michigan, and which arise from a common nucleus of operative fact pursuant to 28 USC 1367.

4. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 USC 1391(b), wherein Plaintiff resides, Defendant regularly conducts business and where the actionable wrongful conduct occurred.

5. Plaintiff is a resident of the State of Michigan.

6. Defendant is a foreign corporation that operates numerous places of business in the Eastern District of Michigan and is subject to the jurisdiction of this court.

7. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

### Background Facts

8. Plaintiff realleges paragraphs 1-7 above as though fully set forth herein.

9. Plaintiff is male and Caucasian.

10. On May 10, 2014 Plaintiff became employed by Defendant as an asset protection specialist or, in common usage, a security guard.

11. Throughout the course of his employment with Defendant, Plaintiff performed his job duties in a manner that was satisfactory or better.

12. Throughout the course of his employment with Defendant, Plaintiff never received any discipline for conduct or performance.

13. On May 11, 2015, in the course of performing his duties, Plaintiff observed an African-American male customer shoplifting, and conducted a stop and arrest of the customer.

14. Plaintiff's conduct of the stop and arrest was according to policy and procedure and was not deficient in any manner.

15. Plaintiff's immediate supervisor was present on the scene of the arrest and was aware that the incident had been videorecorded by bystanders.

16. Plaintiff was discharged on or about May 15, 2015, with the reason given that Plaintiff had violated one or more company policies in the stop and arrest of the customer.

17. The reason given for the termination was false and pretextual for race discrimination.

18. Other Caucasian security guards for Defendant had made stops of Caucasian customers wherein obvious deviations from company policy were committed, but such security guards were not punished in any manner.

19. Plaintiff timely filed a charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within 90 days of receiving his notice of right to sue.

### Count I: Race Discrimination- Title VII

20. Plaintiff incorporates by reference paragraphs 1 through 19 as though fully stated herein.

21. Defendant's adverse employment action in terminating Plaintiff's employment was motivated by Plaintiff's race, and Defendant has engaged in unlawful employment discrimination in violation of Title VII.

22. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental

anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

### Count II: Race Discrimination- ELCRA

23. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

24. Defendant's adverse employment action in terminating Plaintiff's employment was motivated by Plaintiff's race, and Defendant has engaged in unlawful employment discrimination in violation of ELCRA.

25. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

### Damages

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

1. Legal relief
    a. a judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;
    b. compensatory damages in whatever amount he is found to be entitled;
    c. punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay;
    d. liquidated damages;
    e. an award of interest, costs, and reasonable attorney fees.

2. Equitable relief
    a. an order reinstating Plaintiff to the position he would have held if there had been no discrimination by Defendant;
    b. an injunction prohibiting any further acts of discrimination;

c. an award of interest, costs, and reasonable attorney fees;

d. whatever other equitable relief appears appropriate at the time of trial.

        Respectfully submitted,

        Law Offices Jeffrey S. Burg, Esq.

        /s/ Jeffrey S. Burg
        _____
        Jeffrey S. Burg
        Attorney for Plaintiff
        Dated: June 14, 2016

## JURY DEMAND

Plaintiff demands a trial by jury where appropriate.

        Respectfully submitted,

        Law Offices Jeffrey S. Burg, Esq.

        /s/ Jeffrey S. Burg
        _____
        Jeffrey S. Burg
        Attorney for Plaintiff
        Dated: June 14, 2016